# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CRIMINAL DOCKET NO.: 5:06CR44

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| PHILLIP MCKINNEY STIKELEATHER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's "Notice of Appeal and Motion for Revocation and Stay of the Magistrate's Order," filed August 11, 2006.

On July 27, 2006, Defendant was charged by way of a Bill of Indictment with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846 (Count One), and possession with intent to distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts Two, Twenty-Three and Twenty-Four). Chief United States Magistrate Judge Carl Horn presided over Defendant's original detention hearing on August 11, 2006. At the conclusion of the hearing, Defendant was ordered released.

Since the Grand Jury found that probable cause exists that Defendant committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of a person as required and the safety of the community. 18 U.S.C. § 3142. Defendant contends that this presumption is rebutted in this matter due to the fact that he was employed prior to his arrest, he has a child and wife to support, and he has no real criminal

history record.  At the conclusion of the hearing, Magistrate Judge Horn granted Defendant's

Motion for Bond and released Defendant.  The Magistrate Judge concluded that the fact that

Defendant had been indicted, had a child to support, could live with his wife, and did not have a

significant criminal history record were all sufficient factors to warrant release at that time.

Moreover, Magistrate Judge Horn released the Defendant upon the conditions that Defendant: (1)

execute an unsecured bond of $25,000; (2) engage in full-time employment; (3) comply with

electronic monitoring; (4) continue with regular drug testing and drug treatment; (5) support his

child; (6) live with his wife; and (7) not be released from detention until the electronic

monitoring was in place.  The Government opposes this release and moves for an Order of

Revocation of the Magistrate Judge's Order of Release.

This Court reviews *de novo* the Magistrate Judge's detention order.  *United States v.*

*Williams*, 753 F.2d 329, 333 (4th Cir. 1985).  The Court has reviewed the recording of the hearing

before Magistrate Judge Horn, as well as the contents of the criminal file in this matter.  In

determining whether there are conditions of release that will reasonably assure the appearance of

the Defendant and the safety of other persons and the community, the Court must consider all the

evidence regarding:

> (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)   the weight of the evidence against the person;
>
> (3)   the history and characteristics of the person, including –
>    (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and

      (B)      whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

      (4)      the nature and seriousness of the danger to any person or the community that would be posed upon the person's release. . . .

18 U.S.C. § 3142(g).

Upon review of these factors and for the reasons stated herein, the Court concludes that bond is <u>not</u> appropriate in this matter. In support of this finding, the Court notes that Defendant has been indicted for an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. Moreover, the United States Probation Office recommended in its pre-trial report that Defendant be detained and participate in a 45-day drug rehabilitation program before the Court reassesses whether Defendant should be released on bond. The Court agrees with that assessment and will order that the matter of bond be reviewed after Defendant completes such drug treatment program. Additionally, the other circumstances cited by Defendant - his prior criminal history, his need to support his wife and child, and his ability to participate in out-patient drug counseling - are not sufficient circumstances to overcome the presumption of detention. Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond reasonably will assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that the Government's "Notice of Appeal and Motion for Revocation of Magistrate's Order" is hereby **GRANTED**. Accordingly, the Order of Magistrate Judge Horn authorizing release is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Defendant be **DETAINED** pending further order

of this Court.

**IT IS FURTHER ORDERED** that Defense Counsel may notify the Court upon Defendant's completion of the Bureau of Prison's drug treatment program and request that the Court reconsider the issue of bond at that time.

**IT IS FURTHER ORDERED** that the Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal Service, and the United States Probation Office.

Signed: August 14, 2006

Richard L. Voorhees
United States District Judge